J-S56041-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| MARIO ADORNO-MARTINEZ, | |
| Appellant | No. 3467 EDA 2016 |

Appeal from the PCRA Order October 21, 2016
in the Court of Common Pleas of Chester County
Criminal Division at No.: CP-15-CR-0005089-2005

BEFORE:  BOWES, J., STABILE, J., and PLATT, J.*

MEMORANDUM BY PLATT, J.:                      **FILED SEPTEMBER 19, 2017**

Appellant, Mario Adorno-Martinez, appeals *pro se* from the October 21, 2016 order denying his second petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546, as untimely.  We affirm.

We take the factual and procedural history in this matter from our review of the certified record.  On May 15, 2006, Appellant pleaded guilty to rape of a child, corruption of minors, and endangering the welfare of a child.[1]  The court deferred sentencing until the Sexual Offender Assessment Board determined Appellant's sexually violent predator status.  On September 7, 2006, the trial court sentenced Appellant to an aggregate term

---

* Retired Senior Judge assigned to the Superior Court.

[1] **See** 18 Pa.C.S.A. §§ 3121(c), 6301, and 4304, respectively.

of not less than ten nor more than twenty-five years of incarceration, and found that Appellant is a sexually violent predator. This Court affirmed the judgment of sentence on July 19, 2007. (*See Commonwealth v. Adorno-Martinez*, 932 A.2d 248 (Pa. Super. 2007) (unpublished memorandum)). Appellant did not petition our Supreme Court for an allowance of appeal.

On June 9, 2008, Appellant filed his first PCRA petition. The PCRA court appointed counsel, who filed a *Turner*/*Finley* "no-merit" letter and petition to withdraw as counsel.[2] On July 15, 2009, the PCRA court dismissed Appellant's first petition and granted counsel's petition to withdraw. On February 25, 2010, this Court quashed Appellant's appeal. Appellant did not petition our Supreme Court for an allowance of appeal.

On July 29, 2016, Appellant, *pro se*, filed the instant second PCRA petition. On September 22, 2016, the PCRA court gave notice of its intent to dismiss the petition. *See* Pa.R.Crim.P. 907(1). Appellant objected to the notice of intent to dismiss. On October 21, 2016, the court entered an order dismissing Appellant's petition as untimely. This timely appeal followed.[3]

Appellant raises four questions for our review:

_____

[2] *See Commonwealth v. Turner*, 544 A.2d 927 (Pa. 1988); *Commonwealth v. Finley*, 550 A.2d 213 (Pa. Super. 1988) (*en banc*).

[3] Pursuant to the PCRA court's order, Appellant filed his concise statement of matters complained of on appeal on December 6, 2016. The PCRA court entered its opinion on December 20, 2016, in which it relied on its October 21, 2016 order dismissing the petition and the September 22, 2016 order of intent to dismiss. *See* Pa.R.A.P. 1925.

1. Whether [A]ppellant's sentence is illegal and unconstitutional[?]

2. Whether [A]ppellant[']s charge 3121(c), 6301, and 4304 is illegal and void because the sentencing statute 9718 was found to be void and unenforceable[?]

3. Whether [A]ppellant should have been granted relief due to the common plea court['s] ability to correct an illegal sentence where no statutory authorization exists[?]

4. Is [A]ppellant's sentence valid as it stands?

(Appellant's Brief, at 4) (some capitalization omitted).

Our standard of review of an order denying PCRA relief is whether the record supports the PCRA court's determination, and whether the PCRA court's determination is free of legal error. The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record.

*Commonwealth v. Brown*, 143 A.3d 418, 420 (Pa. Super. 2016) (citations omitted).

We begin by addressing the timeliness of Appellant's petition.

The PCRA provides eligibility for relief in conjunction with cognizable claims, . . . and requires petitioners to comply with the timeliness restrictions. . . . [A] PCRA petition, including a second or subsequent petition, must be filed within one year of the date that judgment becomes final. A judgment becomes final for purposes of the PCRA at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review.

It is well-settled that the PCRA's time restrictions are jurisdictional in nature. As such, this statutory time-bar implicates the court's very power to adjudicate a controversy and prohibits a court from extending filing periods except as the statute permits. Accordingly, the period for filing a PCRA petition is not subject to the doctrine of equitable tolling; instead, the time for filing a PCRA petition can be extended only

by operation of one of the statutorily enumerated exceptions to the PCRA time-bar.

The exceptions to the PCRA time-bar are found in Section 9545(b)(1)(i)–(iii) (relating to governmental interference, newly discovered facts, and newly recognized constitutional rights), and it is the petitioner's burden to allege and prove that one of the timeliness exceptions applies. Whether a petitioner has carried his burden is a threshold inquiry that must be resolved prior to considering the merits of any claim. . . .

*Commonwealth v. Robinson*, 139 A.3d 178, 185–86 (Pa. 2016) (quotation marks and citations omitted).

Here, Appellant's judgment of sentence became final on August 18, 2007, when he declined to petition our Supreme Court for an allowance of appeal. Therefore, Appellant had until August 18, 2008, to file a timely PCRA petition. *See* 42 Pa.C.S.A. § 9545(b)(1). Because he filed the instant petition on July 29, 2016, it is untimely on its face, and the PCRA court lacked jurisdiction to review it unless he pleaded and proved one of the statutory exceptions to the time-bar. *See* 42 Pa.C.S.A. § 9545(b)(1)(i)-(iii).

Section 9545 of the PCRA provides only three limited exceptions that allow for review of an untimely PCRA petition:

(i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in

this section and has been held by that court to apply retroactively.

*Id.*

Any petition invoking an exception must "be filed within [sixty] days of the date the claim could have been presented." 42 Pa.C.S.A. § 9545(b)(2). "If the [PCRA] petition is determined to be untimely, and no exception has been pled and proven, the petition must be dismissed without a hearing because Pennsylvania courts are without jurisdiction to consider the merits of the petition." **Commonwealth v. Jackson**, 30 A.3d 516, 519 (Pa. Super. 2011), *appeal denied*, 47 A.3d 845 (Pa. 2012) (citation omitted).

Here, Appellant claims the benefit of the newly recognized and retroactively applied constitutional right exception at 42 Pa.C.S.A. § 9545(b)(1)(iii). (**See** Appellant's Brief, at 11-18). Specifically, he alleges that the United States Supreme Court's decision in **Alleyne v. United States**, 133 S.Ct. 2151 (2013) (holding that any fact that, by law, increases penalty for crime must be found beyond reasonable doubt by fact finder), rendered his sentence illegal. (**See id.**). We disagree.

Appellant filed the instant PCRA petition on July 29, 2016, well over sixty-days after June 17, 2013, the date that **Alleyne** was decided. **See** 42 Pa.C.S.A. § 9545(b)(2). Therefore his petition does not comply with the PCRA's rule that petitions invoking an exception to the time-bar must be filed within sixty days of the date that the claim could have been presented. **See id.**

Furthermore, "a new rule of constitutional law is applied retroactively to cases on collateral review only if the United States Supreme Court or the Pennsylvania Supreme Court specifically holds it to be retroactively applicable to those cases." *Commonwealth v. Whitehawk*, 146 A.3d 266, 271 (Pa. Super. 2016) (citation omitted). Neither Court has held that *Alleyne* is applied retroactively. Rather, our Supreme Court has specifically held "that *Alleyne* does not apply retroactively to cases pending on collateral review[.]" *Commonwealth v. Washington*, 142 A.3d 810, 820 (Pa. 2016).

In sum, we conclude Appellant has not met his burden of proving that his untimely PCRA petition fits within one of the three exceptions to the PCRA's time-bar. *See Robinson*, *supra* at 185–86. Accordingly, we affirm the order of the PCRA court.

Order affirmed.

Judgment Entered.

_____

Joseph D. Seletyn, Esq.
Prothonotary


Date: 9/19/2017